IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 14-520-5 |
| RAPHAEL HUNT-IRVING : | |

MCHUGH, J.                                                                                                                   July 12, 2017

**MEMORANDUM**

Defendant Raphael Hunt-Irving was indicted on drug and weapons offenses. Before trial, he moved to suppress evidence that was gathered by the government on the day of his arrest. A two-day hearing was held, and on June 2, 2017, having carefully considered the testimony and other evidence presented, I denied Defendant's motion. Dkt. 181. This memorandum sets forth my reasoning.

Defendant's motion represents that when he was arrested, he was "dragged out of his home at gunpoint . . . [b]ullied, [and] intimidated." Mot. to Supp. at 3. According to the motion, Defendant consented to a search of his home under coercion, "fearful of what the Agents would do if he refused." *Id*. This version of events is belied by video footage of the day of the arrest, taken by security cameras at Defendant's residence, which was also an operating funeral home. After the law enforcement agents initially entered the property and secured it, there is no footage of any weapons being brandished. Moreover, those portions of the video that show Defendant in the presence of the agents do not show him being manhandled in any way.

I credit the testimony of DEA Agent Kenneth Glenn that Defendant was properly advised of his *Miranda* rights, did not request the advice of a lawyer, and did not have any weapons pointed at him after the arresting agents completed their protective sweep of the property. Glenn

1

testified convincingly that Defendant was concerned because there was a funeral scheduled later that morning, and wanted the agents to complete their activities on-site as quickly as possible to spare him an embarrassing interruption in the operation of his business.  I also credit the testimony of DEA Agent Louis Schmidt, who largely corroborated Glenn's version of events. Schmidt testified that he explained to Defendant that agents would need to secure his property while waiting for a search warrant to issue—a practical reality of law enforcement that would have motivated Defendant to consent to a search.  Furthermore, consistent with Defendant's seeking to minimize any impact on his business, Schmidt testified that Defendant requested to be taken out the back of the property to avoid being seen by patrons of the funeral home when being transported into custody.  The video confirms the agents' compliance with that request.  Finally, like Glenn, Schmidt credibly testified that Defendant did not request the advice of a lawyer.

     I note as well that there was no incentive for the agents to jeopardize an investigation of this duration and magnitude by engaging in questionable practices on a day that multiple arrest warrants were being executed.  Based upon the wiretaps obtained during the investigation, there was an ample basis upon which the government could have secured a search warrant for Defendant's property.  The issue was simply one of timing, and the premises could easily have been secured while the necessary showing was made before a judicial officer.  It would make no sense for the highly experienced agents involved in arresting Defendant to engage in the type of behavior alleged, where there was nothing to gain and everything to lose by unlawful conduct.

     Defendant's credibility was undermined by the bold assertions set forth in the motion to suppress, which were refuted by the video the defense itself submitted into evidence.  I found Defendant's testimony exaggerated, and found no credibility to his assertions that he felt physically threatened or that he signed a blank consent to search form.

In resolving issues of credibility in favor of the agents and against Defendant, I have given consideration to the fact that Glenn's memory of the specific sequence of certain events on the morning of Defendant's arrest was clearly incorrect in view of the video. However, such lapses of memory were in no way material, and the video undermines rather than supports Defendant's contention of threatening conduct on the part of the agents. I have also considered Defendant's testimony that he was told that because his indictment was sealed, there was no right to speak with counsel. The specific nature of that testimony lends credence to the proposition that there might have been some discussion about counsel with one or more of the agents. Yet viewed against the totality of the evidence, and my observations of the demeanor of the competing witnesses, I credit the agents who testified that Defendant did not seek to confer with counsel.

In summary, the motion to suppress was denied because I was persuaded by the evidence that Defendant was properly advised of his *Miranda* rights, that he was not threatened or coerced, that he did not seek the advice of counsel before consenting to the search, and that he voluntarily consented because of his incentive to expedite the agents' departure from his funeral home so as to minimize any potential negative impact on his business.

/s/ Gerald Austin McHugh  
Gerald Austin McHugh, J.  
United States District Judge