IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 14-520-5 |
| | : | |
| RAPHAEL HUNT-IRVING | : | |

**McHUGH, J.**                                                              **May 23, 2022**

## MEMORANDUM

Petitioner Raphael Hunt-Irving is serving a sentence of 64 months' imprisonment for drug offenses and as a felon in possession of a firearm in violation of 18 U.S.C. §922(g). He moves pro se under 28 U.S.C. § 2255 to vacate his sentence for unlawful possession of a firearm on two grounds: (1) that pursuant to *Rehaif v. United* States, 139 S. Ct. 2191 (2019), he did not have the necessary *mens rea,* and (2) that his counsel was ineffective in violation of the Sixth Amendment. Petitioner's claims are either procedurally defaulted or lack merit, and I will therefore deny his § 2255 Motion.

I.   DISCUSSION

A. Mr. Hunt-Irving's *Rehaif* Claim is Procedurally Defaulted

Mr. Hunt-Irving filed a timely motion under § 2255 challenging his conviction in light of *Rehaif v. United States.* Habeas Petition, ECF 340. In *Rehaif*, an immigrant defendant was charged with a violation of 18 U.S.C. § 922(g)(5)(A) which makes it unlawful for an immigrant who is illegally or unlawfully in the United States to possess a firearm. *United States v. Rehaif*, No. 16-CR-3-ORL-28GJK, 2020 WL 1904068, at *2 (M.D. Fla. Apr. 17, 2020). The trial court prohibited the defendant from presenting evidence at his trial that he did not know of his immigration status, which made his possession of a firearm illegal, and the jury was instructed that

1

the Government was "not required to prove that [he] knew that he was illegally or unlawfully in the United States." *Id.*   The Court of Appeals affirmed.  *United States v. Rehaif*, 888 F.3d 1138, (11th Cir. 2018).

The Supreme Court reversed, holding that "in a prosecution under 18 U.S.C. § 922(g) ... the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).  In so holding, the Court relied on Congress's intent to require a defendant to possess a culpable state of mind with respect to each "each of the statutory elements that criminalize otherwise innocent conduct." *Id.* at 2195 (citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)).  The Supreme Court did not address the retroactive application of this new requirement.  *Rehaif*, 139 S. Ct. at 2200.

In this case, the Government agrees that pursuant to *Rehaif*, in order to convict an individual under 18 U.S.C. §922(g)(1), the Government must prove that the defendant knowingly possessed a firearm and that he knew of the status that made such possession illegal.[1]  The Government also concedes that the claim is timely as Mr. Hunt-Irving brought his Section 2255 claim within one year of the *Rehaif* decision.  *See* 28 U.S.C. § 2255(f)(3). Moreover, the Government does not argue here that *Rehaif* may not be retroactively applied.[2]

---

[1] In Mr. Hunt-Irving's § 2255 motion, he argues that pursuant to *Rehaif*, the Government "must prove that the Defendant knew that he was unaware that he was a prohibited person" and alleges that "[t]here is no evidence sufficient to prove that Defendant knew that he was ineligible to possess a weapon..." Plt.'s Mot. at 5, ECF 340.  This is not the standard articulated by the Supreme Court, which requires that the government prove that the defendant knowingly possessed a firearm and knew of the status that prohibited possession but does not require that Mr. Hunt-Irving actually knew that he was ineligible to possess a weapon.

[2] Although I need not reach this issue, I note there is not yet a definitive answer to this question in this circuit.  In *In re Sampson*, 954 F.3d 159 (3d Cir. 2020), the Third Circuit addressed the applicability of *Rehaif* to collateral review in the context of a second, *successive* § 2255 petition.  It declined to apply *Rehaif*, because it did not state "a new rule of constitutional law" as required under § 2255(h). *Id.* at

The Government nevertheless argues that Mr. Hunt-Irving is barred by procedural default from raising his *Rehaif* claim on collateral review. As a "general rule" claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To cure prior default of a claim, a defendant must first demonstrate either "cause [for the default] and actual prejudice" or that he is "actually innocent." *Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal citations omitted).

Mr. Hunt-Irving cannot demonstrate cause for the default. The Supreme Court has held that only a claim that is "so novel that its legal basis is not reasonably available to counsel" will suffice to overcome procedural default. *Reed v. Ross*, 468 U.S. 1, 16 (1984). As I have previously held, "it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts." *United States v. McLean,* No. CR 13-487-1, 2020 WL 7384898, at *1 (E.D. Pa. Dec. 16, 2020); *see also United States v. Reap*, 391 F. App'x 99, 103-04 (2d Cir. 2010); *United States v. Kafka*, 222 F.3d 1129, 1131–33 (9th Cir. 2000); *United States v. Hutzell*, 217 F.3d 966, 967–68 (8th Cir. 2000); *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995); *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993); *United States v. Dancy*, 861 F.2d 77, 80 (5th Cir. 1988).

Mr. Hunt-Irving is similarly unable to overcome procedural default by establishing that he is actually innocent. To establish actual innocence, a defendant "must demonstrate that, in light of all the evidence, it more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623 (1998) (internal citations omitted). Given that

---

161 (emphasis omitted). As to original petitions under § 2255, my colleague Judge Smith recently observed that district courts in the Third Circuit "have reached conflicting decisions" about retroactivity.

Mr. Hunt-Irving stipulated in a plea colloquy that he was previously convicted of a felony offense, *see* Guilty Plea Agreement, ECF 257, he cannot now show actual innocence under *Rehaif*.[3] Moreover, Mr. Hunt-Irving's prior convictions were entered into the record in this case, ECF 216, Ex. A-B. As such, any reasonable juror would have concluded, beyond a reasonable doubt, that Mr. Hunt-Irving was aware of his status as a person who had committed a felony offense.[4]

### B. Mr. Hunt-Irving's Ineffective Assistance of Counsel Claim Lacks Merit

"To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore,* 131 S.Ct. 733, 739 (quoting *Knowles v. Mirzayance,* 129 S.Ct. 1411, 1419 (2009)).

The Supreme Court has explained that the defendant:

> must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not

---

[3] *See Guerrero v. Quay*, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (denying § 2255 motion where defendant's stipulation to a prior felony demonstrates that he cannot show actual innocence under *Rehaif* and citing other decisions reaching the same conclusion). *Alexander Entzel*, No. 1:19-cv-1301, 2020 WL 1068060, at *2-3 (C.D. Ill. Mar. 5, 2020); *Maxie v. Warden*, No. 6:19-cv-300-JMH, 2020 WL 86207, at *1-3 (E.D. Ky. Jan. 7, 2020); *Benson v. Marske*, No. 19-cv-644-bbc, 2019 WL 6683508, at *1-2 (W.D. Wisc. Dec. 6, 2019).

[4] The specific language in 18 U.S.C. 922(g)(1) is that it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Although Mr. Hunt-Irving was sentenced to less than a year on the prior charges, he indisputably pleaded guilty to a felony punishable by up to seven years in prison, specifically Tampering with Public Documents with intent to defraud, 18 Pa. Const. Stat. § 4911, 18 PA. Const. Stat. § 1103.

And although the transcript of the guilty plea colloquy is unavailable, the Court presumes that Mr. Hunt-Irving accepted it knowingly and voluntarily, was advised of the range of penalties he faced, and the permissible range of sentences. *See Parke v. Raley*, 506 U.S. 20, 30 (1992) (reasoning that even without a transcript of a guilty plea, "it defies logic to presume...that the defendant was not advised of his rights."); *see also* Pa. R. Crim. P. 590 Comment (itemizing the requirements of a guilty plea colloquy, to include whether a defendant understands the nature of the charges to which he pleads guilty, and is aware of the permissible range of sentences and fines for the offenses charged).

> functioning as the counsel guaranteed the defendant by the Sixth Amendment.
>
> With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Harrington v. Richter,* 131 S.Ct. 770, 787–88, (2011) (quotations omitted).

> 1. *Mr. Hunt-Irving's Claim Surrounding the Suppression Hearing Fails Because the Third Circuit Already Addressed It on Direct Appeal*

Mr. Hunt-Irving argues that his original trial counsel filed an "incorrect Motion to Suppress" by litigating the issue of voluntariness instead of the legality of the protective sweep. Def's § 2255 Motion at 5-6. In the summary of Mr. Hunt-Irving's argument at the end of his petition, he states, "The issue was whether the arresting agents who only had an arrest warrant could search defendant's funeral home, where he lives, under the pretext of a protective sweep. Prior counsel has only raised the improper search on the basis of the defendant[s] involuntary absence of a consent to search the premises," and further notes that "the agents had ignored all tenets of *Maryland v. Buie*....". Habeas Petition at 14. As the Government correctly observes, this claim of ineffective assistance has no merit because it has already been addressed in proceedings before me and by the Third Circuit. I previously reasoned that "there is no need to reach the merits of the *Buie* argument or further develop the record, because any violation of its precepts would still not entitle Hunt Irving to relief." Memorandum Opinion at 8, ECF 236. The Third Circuit affirmed my decision, concluding that the "District Court's analysis is a careful parsing of Hunt-Irving's pretrial suppression hearing and a very good explanation of why any violation of *Buie* would not entitle Hunt-Irving to relief, even if that claim was preserved." *United States of America*

*v. Shawn Mills and Rafael Hunt-Irving*, No. 18-376 and 19-1636, 858 Fed. Appx. 463 at *464 (3d Cir. June 9, 2021).  Because any violation of *Buie* would not entitle Petitioner to relief, he cannot establish the prejudice prong of his ineffective assistance of counsel claim.

> *2. Mr. Hunt-Irving Does Not Clearly Raise a Claim with Respect to Trial Counsel's Concession Regarding the Rifle Seized, but Regardless, the Claim Lacks Merit.*

In Mr. Hunt-Irving's direct appeal, the Third Circuit considered Mr. Hunt-Irving's claim that his attorney had rendered ineffective assistance of counsel during the suppression hearing when his counsel conceded the existence of a rifle upstairs because it was not supported by reasonable legal strategy.[5]  *Hunt-Irving*, 19-1636, 858 Fed. Appx. at *464.  Relying on *Massaro v. United States*, 538 U.S. 500, 503 (2003), the Third Circuit reasoned that "the record from the suppression hearing was 'not developed precisely for the object of litigating or preserving the claim' and while it does 'reflect the action taken by counsel [it does] not [reflect] the reasons for it," *Hunt-Irving*, 19-1636, 858 Fed. Appx. at *464 (citing *Massaro*, 538 U.S. at 505).  It proceeded to deny Hunt-Irving's claim for ineffective assistance of counsel but did not preclude him from raising the claim on a collateral attack pursuant to 28 U.S.C. § 2255.  *Id.*

The Government argues that Mr. Hunt-Irving has failed to raise the potential ineffective assistance claim mentioned by the Third Circuit.  Govt's Resp. at 13.  I agree.  Petitioner has not squarely raised the claim that his counsel was ineffective for conceding the existence of the rifle at the suppression hearing.  Relief can be denied on that basis alone.

But even assuming such a claim is before me, it lacks merit.  Two guns were recovered on the day of Mr. Hunt-Irving's arrest, the rifle and a handgun, either of which would support a

---

[5] The Third Circuit appears to be referencing an argument made by Mr. Hunt-Irving in his appeal from the District Court decision denying his Motion to Suppress. *See* Appellant's Opening Brief and Appendix Volume 1, pp. App. 1-40, in *United States v. Shawn Mills and Raphael Hunt-Irving*, No. 19-1636, (3d. Cir. June 9, 2021) (unpub.).

conviction. I have already held – and the Third Circuit affirmed – that the protective sweep did not taint the subsequent consent to a search of the second floor, where the handgun was found. Thus, even if counsel succeeded on an argument to exclude the rifle, the handgun constituted lawfully seized evidence sufficient to establish that Mr. Hunt-Irving, a felon, possessed a firearm. Moreover, I cannot comprehend any circumstance where the rifle would not have been discovered as part of the consensual search of the premises, rendering it admissible under the doctrine of "inevitable discovery." *Nix v. Williams*, 467 U.S. 431, 444 (1984).

**CONCLUSION**

For the reasons set forth above, the § 2255 Motion to Vacate, Set Aside, or Correct Sentence is denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge